## Hartzig *v.* Lehigh Valley R. R., Appellant.

*Negligence—Railroads—Passengers—Contributory negligence.*

Plaintiff, a woman sixty years of age, was a passenger on defendant's train. The coach in which she was riding was the only passenger coach on the train, and was preceded by four flat cars. At the time of the accident, deep piles of snow were on both sides of the track. When the train reached the terminal station, the brakeman beat down the snow by the side of the car to make a place for plaintiff to alight and stand until an engine removed the flat cars, which obstructed her passage along the track. After remaining in that position for some time she objected to staying there longer. The brakeman then suggested that, if she would pass over the four flat cars, she could leave the train that way, and that there was no other way for her to go. She thereupon proceeded over the cars successfully until she came to the place for alighting, and in attempting to get down from the car her clothes caught in the coupling pin, and she fell and sustained her injuries. *Held*, that the question of defendant's negligence and plaintiff's contributory negligence was for the jury.

In such circumstances, plaintiff cannot be charged with contributory

negligence for doing as she was told to do by the brakeman. She was still in the charge of the defendant company and therefore was not a discharged passenger.

Argued March 15, 1893. Appeal, No. 329, Jan. T., 1893, by defendant, from judgment of C. P. Sullivan Co., Feb. T., 1891, No. 95, on verdict for plaintiff, Sevilla Hartzig. Before GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for personal injuries.

At the trial, before CONNOLLY, J., of the 45th judicial district, specially presiding, it appeared that on Jan. 20, 1891, plaintiff, a woman sixty years old, was a passenger on defendant's train. The train consisted of a passenger coach preceded by four flat freight cars loaded with lumber, the ends of which were racked for bark, and covered with ice. When the train arrived at Ricketts station, the terminus of the road, snow to a considerable depth was on both sides of the track. The manner in which plaintiff left the train and suffered the injuries complained of is stated in the opinion of the Supreme Court.

Defendant's points were as follows:

" 1. If the plaintiff while walking on defendant's freight cars while they were standing on the tracks of said company and on which said cars there was ice which rendered them dangerous to get on, walk on, get off from, and while so doing she was injured, the said act of hers disclosed contributory negligence on her part and she cannot recover. *Answer:* As this point is drawn we refuse to affirm it, but we call your attention to the law, as already stated in our general charge, that if it was negligence on the part of this woman to cross these cars under the circumstances, and she knowing and swearing, as she did swear, that it was dangerous to do so, then there can be no recovery." [2]

" 2. That when the plaintiff left the passenger car at its destination and removed away for the period of fifteen or twenty minutes, as she testified, she ceased to be a passenger, and the liability of the defendant as common carriers ended, and plaintiff having been injured after this, by her voluntarily going on freight cars of defendant standing on defendant's track, she cannot sustain this action. *Answer:* As stated to you in our general charge, we submit it to you as a fact for you to find,

whether or not the plaintiff was a discharged passenger. We cannot affirm the point, however, as it is framed, but, as we said to you before, we submit this as a question of fact to you." [3]

" 3. That it was not within the scope of the employment of any brakeman, after a passenger has been landed at her destination from a passenger car and remained off the car for fifteen or twenty minutes, to invite the passenger to pass over four freight cars towards the passenger's home, and the plaintiff cannot recover. *Answer :* We refuse to affirm this point, under the evidence in the case." [4]

" 4. That it was not within the scope of the employment of any employee of the defendant to ask the plaintiff to pass over the freight cars in going to her home, after she had once landed in safety, and the plaintiff cannot recover. *Answer :* As this point is presented we cannot affirm it." [5]

" 5. That the want of a platform at Mehoopany Creek, nor Ricketts Station, or the omission of the defendant to stop its train at precisely the usual stopping place at Mehoopany Creek or Ricketts Station, was not the proximate cause of the injury to the plaintiff; and under the plaintiff's declaration there can be no recovery in this case. *Answer :* The first part of this point, if it stood alone, we would affirm, but as the point is presented we refuse to affirm it." [6]

" 6. That under all the evidence in this case the plaintiff cannot recover, and the verdict must be for the defendant. *Answer :* This point as drawn is refused. We leave it to you, gentlemen of the jury, as a fact. If you find that passing over these cars was negligence on the part of this woman, under all the circumstances, with the ice and snow and machinery, and other things that were there, and attempting to get down, dressed as females ordinarily are dressed, or if she contributed to the negligence that there might be upon the part of the company, or their agent, in permitting her to go across these cars, then there can be no recovery." [7]

Verdict for plaintiff for $1,500. A motion for a new trial was refused in an opinion by SITTSER, P. J.

Judgment on verdict. Defendant appealed.

*Errors assigned* were (2–7) instructions, quoting them.

*Henry Streeter* and *William T. Davies, Rush J. Thompson* and *Louis M. Hall* with them, for appellant, cited: Doriot v. Hagermann, 21 W. N. 556; Decker v. City, 1 Lack. J. 435; Lee v. Conard, 1 Whart. 167; R. R. v. Cadow, 120 Pa. 559; Warner v. R. R., 141 Pa. 615; Hoag v. R. R., 85 Pa. 293; Wood's Ry. Law, 1171; R. R. v. Aspell, 23 Pa. 147; R. R. v. Schwindling, 101 Pa. 258; City v. Magill, 101 Pa. 623; R. R. v. Taylor, 104 Pa. 306; Township v. Anderson, 114 Pa. 643; Ham v. Canal Co., 142 Pa. 634; Burns v. City, 137 Pa. 361; Kilpatrick v. R. R., 140 Pa. 502; Sheridan v. Krupp, 141 Pa. 564; Towanda Coal Co. v. Heeman, 86 Pa. 418; R. R. v. Beale, 73 Pa. 504; Butler v. R. R., 126 Pa. 160; Barns v. Sowden, 119 Pa. 53.

*J. G. Scouten* and *D. C. Dewitt,* for appellee, cited: 2 Wood's Ry. Law, p. 1163, § 310; Forks Twp. v. King, 84 Pa. 233; Whart. Neg. § 440.

PER CURIAM, April 10, 1893:

The plaintiff's relation as a passenger on the defendant's railroad had not terminated at the time of the accident. The brakeman beat down the snow by the side of the car to make a place for her to alight, and stand until an engine removed the cars which obstructed her passage, but after remaining in that position for some time without being relieved she very naturally objected to remaining there any longer. She testified that the brakeman then suggested that, if she could pass over the four loaded cars which were a part of the train, she could leave the train and go on her way. She thereupon proceeded over the cars successfully until she came to the place for alighting, and in attempting to get down from the car her clothes caught in the coupling pin, and she fell and sustained her injuries. She testified that the brakeman told her that there was no other way for her to leave the train but by going over these freight cars. The brakeman, without denying this testimony, says he carried her packages for her while she was going over the cars and assisted her to alight. In such circumstances she cannot be charged with contributory negligence for doing as she was told to do by the brakeman. She was still in the charge of the defendant company and therefore was not a discharged

passenger. She was using the means for alighting which were provided for her and with the assistance of their agent. The case was fairly left to the jury with proper instructions as to contributory negligence and the verdict was for the plaintiff. We discover no error in the charge nor in the answers to points, and the assignments of error are all dismissed.

Judgment affirmed.